**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CALEB GATES,

    Plaintiff,

vs.   CASE NO.  3:12-cv-349-J-32TEM

TRAVELERS COMMERCIAL
INSURANCE COMPANY,

    Defendants.
_____

**O R D E R**

This case is before the Court on Plaintiff's Motion to Compel and Memorandum in Support (Doc. #12, Motion to Compel) filed on August 9, 2012.  Defendant responded to Plaintiff's Motion to Compel, contending that its objections to the discovery requests are proper (*see* Doc. #18, Response).[1]  The motion is now ripe for this Court's review.  For the following reasons the Motion to Compel is due to be granted within the limits set by the Court.

**BACKGROUND**

The instant case involves bad faith claims filed by Plaintiff Caleb Gates (hereafter, "Gates" or "Plaintiff") against Travelers Commercial Insurance Company (hereafter, "Travelers" or "Defendant").  Plaintiff alleges that Travelers acted in bad faith by failing to timely settle an underlying tort claim that was filed against him by Michael and Bertha

---

[1] The Court granted Plaintiff's request for leave to file a reply to Defendant's Memorandum in Opposition of Plaintiff's Motion to Compel. Plaintiff filed a reply (Doc. #23, Reply) and Defendant filed a sur-reply (Doc. #24, Sur-Reply).  Defendant, Travelers Commercial Insurance Company's Notice of Filing Corrected Exhibits to Memorandum in Opposition to Plaintiff's Motion to Compel (Doc. #20, Corrected Exhibits) was filed September 18, 2012.

Cooper ("the Coopers"). Complaint at 4. Plaintiff also alleges Travelers breached several duties owed to Plaintiff as the insured party in the underlying State case. Among the alleged breaches Plaintiff claims Travelers failed to advise Plaintiff of an offer to settle the underlying claim and failed to advise him of the possibility of an excess judgment. *Id.* Plaintiff also alleges negligent handling of the underlying case. *Id.*

On or about August 1, 2008, Gates was involved in a motor vehicle accident with Michael Cooper.[2] Complaint at 1. Gates caused the accident which resulted in Cooper's significant injuries. *Id.* Mr. Cooper notified Travelers of his bodily injury claim, but the parties did not reach a settlement of those claims, so the Coopers retained counsel and filed a lawsuit against Gates. *Id.* at 2-4. The underlying lawsuit resulted in a judgment against Plaintiff in excess of the policy limits.[3]

Defendant states it did attempt to settle the Coopers' claims for the maximum bodily injury policy limits; however, a clerical error caused the tendered check to be mailed to an address other than the Coopers.[4] Response at 3. Nearly four (4) months later, the error was discovered, and Defendant attempted to send the unopened package to the Coopers'

---

[2] Prior to August 1, 2008, Travelers issued a liability insurance policy, Policy Number 982965980 101 1, to Dale Gates, father of Caleb Gates. Complaint at 2. Caleb Gates was listed on the policy as a driver. *Id.*

[3] Plaintiff's insurance policy with Defendant provided a limit of $10,000 per person for bodily injury liability coverage. Complaint at 2. A judgment entered against Plaintiff for the payment of $1,570,806.03 in damages caused by his negligence. Complaint at 5.

[4] Defendant provided an affidavit of employee Jonathan Forbes to state it mailed a check in the amount of $10,000 via overnight mail to 4525 Antler Hill Drive East, Jacksonville, Florida. *See* Response, Ex. 1. However, the Coopers' address is 4524 Antler Hill Drive East, Jacksonville, Florida. The check was allegedly signed for, but never cashed. *Id.* at 5.

retained attorney. *Id.* at 5. Defendant claims that on December 10, 2008, Coopers' attorney declined acceptance of the tendered check and stated that the "clients have instructed us to proceed with litigation." *Id.*

On April 27, 2012, Plaintiff served his First Request for Production seeking documents in the underlying insurance file. Defendant responded to the Request for Production by objecting on the basis of irrelevancy of materials created subsequent to December 10, 2008, and asserting attorney-client privilege and work product protection. *See* Motion to Compel, Ex. 1. As the Court understands, the only requests at issue in the instant Motion to Compel are Requests No. 1, No. 2, No. 3, and No. 4.[5]

Defendant contends that Plaintiff's discovery requests are irrelevant because Plaintiff

---

[5]Request No. 1 states: "The original of any and all home office, regional office, and branch office files of TRAVELERS, its agents, or adjusters which deal with or contain any written memoranda, correspondence, notations or other writings, emails, audio tapes, videotapes or computer files received by or made by TRAVELERS or its agents in connection with the claim of the COOPERS against GATES, the investigation of said claim, and any consideration by TRAVELERS of settlement negotiations or evaluation of said claim against TRAVELERS from August 1, 2008 through February 2, 2012."

Request No. 2 states: "A copy of any and all computer printouts, computer files and/or directories of TRAVELERS, its agents, or adjusters which deal with or are in connection with and contain any written memoranda, electronic mail, correspondence, notations or other writings received or made by TRAVELERS, its agents or adjusters in connection with any claim involving the COOPERS against GATES from August 1, 2008 through February 2, 2012, which are attached hereto in Response to Request No. 1."

Request No. 3 states: "The entire original of any and all PIP files of TRAVELERS relative to its insured, GATES, during the time period August 1, 2008 through February 2, 2012."

Request No. 4 states: "The original of any and all minutes, notes, memoranda, e-mails, transcripts, or any other form of record setting forth discussions, conversations, resolutions, decisions, determinations, and/or votes of any committee or board meeting or claim committee meeting or any other type of meeting involving TRAVELERS' agents, employees, and/or representatives, parent, subsidiary or affiliate corporations, relative to the claim of the COOPERS against GATES during the handling of the underlying claim from August 1, 2008 through February 2, 2012."

seeks information after the date on which Defendant argues there was no possibility of reaching a settlement in the case.[6]  Response at 6.  In the alternative, Defendant argues much of the information is protected by attorney-client and work product privilege.[7]  *Id.* at 10.  The Court will address the substance of each of Defendant's objections.

## ANALYSIS

### I. Relevance

Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37.  District courts are entitled to broad discretion and authority in managing pre-trial discovery matters to ensure that cases move to "a reasonably and timely conclusion" with as minimal "waste of judicial and private resources" as possible.  *Perez v. Miami-Dade County,* 297 F.3d 1255, 1263 (11th Cir. 2002) (internal quotations and citations omitted).

Federal Rule of Civil Procedure 26 governs the discovery process between civil litigants in federal court and provides that, as a general matter, parties may "obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevancy" under Rule 26(b)(1) is construed broadly, allowing for the discovery of any evidence "reasonably calculated to lead to the discovery

---

[6]Plaintiff has requested information relating to the underlying case from the date of the accident through February 2, 2012, the date of the judgment against Gates in the underlying State case.  *See* Motion to Compel.  Defendant contends Plaintiff is only entitled to information from the date of the accident through December 10, 2008, the date in which Defendant was allegedly notified there was no possibility of settlement.  Response at 6.

[7]Defendant has filed a privilege log identifying the documents upon which privilege is claimed.  The Court notes Defendant intends to amend the privilege log, decreasing the number of documents claimed as privileged, if the Court finds the documents are relevant to Plaintiff's case.  Defendant's Privilege Log can be found at Motion to Compel, Ex. 2.

of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-52 (1978) (citations omitted).  However, while the scope of relevant discovery is broad,  it is not without limits.  *Id.; see also Washington v. Brown & Williamson Tobacco,* 959 F.2d 1566, 1570 (11th Cir. 1992).  A district court has discretion to limit discovery of relevant material upon a determination the sought discovery is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. *Panola Land Buyers, Ass'n v. Shuman,* 762 F.2d 1550, 1558-59 (11th Cir. 1985). However, the burden rests on the party resisting discovery to show why the requested discovery should not be permitted.  *Id.* at 1559.  The burden on the resisting party is to specifically show how the objected-to request is unreasonable, irrelevant or otherwise unduly burdensome.  *Id.*

Defendant has not met the burden of specifically showing how the non-privileged requested material is irrelevant.  Defendant asserts the theory that any material created after December 10, 2008 is irrelevant because Plaintiff's cause of action is founded on an allegation of untimely settlement and there was no legitimate opportunity to settle the claims after December 10, 2008.  However, Defendant's argument misses the mark because Plaintiff also alleges that Travelers failed to fulfill other good faith duties imposed by Florida law.[8]  Defendant points to unpublished cases that contain complaints, according to Defendant, with the same "broad, sweeping allegations" and court findings that allegedly

---

[8] Plaintiff alleges, in addition to failure to settle the underlying claim, that Travelers failed to advise Gates as to the probable outcome of litigation, warn Gates of the possibility of an excess judgment and advise Gates on the steps to avoid an excess judgment.  *See* Complaint.

5

support Defendant's objections.  *See generally,* Sur-Reply (citing *Ellison v. GEICO,* Civ. Action No. 9:11–cv-80812-KAM (S.D. Fla. June 10, 2011) (Doc. #1-3, Complaint); *Harrington v. Twin City Fire Insurance Co.,* Civ. Action No. 9:01-cv-08442-WPD (S.D. Fla. Mar. 29, 2001) (Doc. #1, Complaint); *also see* Corrected Exhibits at Doc. #20-1 (*Ellison v. GEICO,* Civ. Action No. 9:11–cv-80812-KAM (S.D. Fla. Feb. 17, 2012) (Doc. #37, unpublished Order), Doc. #20-2 (*Harrington v. Twin City Fire Insurance Co.,* Civ. Action No. 9:01-cv-08442-WPD (S.D. Fla. Jan. 10, 2002) (Doc. #106, unpublished Order)).  The Court distinguishes the instant case because the asserted facts here indicate that Travelers' action of mailing the settlement papers to the wrong address at least contributed to the contended impossibility of settlement in this case; however, the discovery process is necessary for Plaintiff to obtain the evidence to support his claims. Furthermore, Travelers' good faith duties owed to Gates were ongoing throughout the entire underlying litigation, and the Court declines to accept that any material created after December 10, 2008 is wholly irrelevant to Plaintiff's claims.

Even if the Court found that Travelers did in fact attempt to settle the underlying claims in a timely manner,[9] Defendant admits that it failed to ensure the completion of that duty in this case.  The Court finds that Defendant has not met its burden to show irrelevancy of the requests and has no valid argument that fulfilling the request would be unduly burdensome.  Furthermore, Plaintiff is unable to ascertain vital information relating to his claims without obtaining the insurance file from the underlying suit, which is the basis

---

[9]The Court declines to make any factual determinations as to whether a settlement check was mailed in good faith or whether Plaintiff was provided notice, as those questions of fact are reserved for later motion practice or trial.

of the instant case. Therefore, the Court finds that the requested materials, up until the time of judgment against Gates on February 2, 2012, are relevant to this case in light of all of Plaintiff's allegations.

### II. Attorney-Client Privilege and Work Product Doctrine

Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *see also GAB Business Services, Inc. v. Syndicate 627,* 809 F. 2d 755, 762 (11th Cir. 1987). Under Florida law, the attorney-client privilege ordinarily cannot be asserted in a third party bad faith action relating to documentation in the insurer's file created before the date of judgment. *See Allstate Indemnity Company v. Oser,* 893 So. 2d 675, 677 (Fla. 1st DCA 2005) (stating no attorney-client privilege ordinarily extends to protect documents that were created before the date of the judgment that gave rise to such claim); *Dunn v. National Security Fire and Casualty Company,* 631 So. 2d 1103, 1109 (Fla. 5th DCA 1993) (finding discovery of the insurer's claim file and litigation file is allowed in a bad faith case over the objections of the insurer that production of the file would violate the work product or attorney-client privilege).

It may be possible to compel discovery of material in the insurer's file after the date of judgment by showing good cause.[10]  *Id.* Further, the attorney-client privilege does not

---

[10] The Court notes that Defendant's privilege log includes four (4) documents (Nos. 1, 97, 98, and 99) that are dated after February 2, 2012. Plaintiff does not make a good cause argument as to why he is entitled to receive these documents that are dated after entry of the judgment against him in the underlying case. Further, Plaintiff's Request for Production specifically seeks materials dated through February 2, 2012. Therefore, the Court declines to discuss whether the attorney-client privilege would apply to these materials because Defendant is not asked to produce any materials created after February 2, 2012.

attach to communications where two parties are represented by the same attorneys for their mutual benefit and the communications are later sought in discovery in a different action involving the same parties or their representatives.  *See Chitty v. State Farm Mutual Automobile Insurance Company,* 36 F.R.D. 37, 41 (E.D. S.D. 1964).

Defendant argues that attorney-client privilege should protect it against production of documentation listed in its privilege log.  However, as Plaintiff correctly identifies, the majority of the material Defendant asserts is privileged is correspondence to or from Gates' own attorney in the underlying case, Donald St. Denis.  Plaintiff does not seek production of information after the date of judgment, February 2, 2012.  Therefore, the majority of, if not all, requested materials in the underlying insurance file are not protected by attorney-client privilege.  *See id.* at 40-42.

Federal Rule of Civil Procedure 26(b)(3) provides a "work product" exception to the broad discovery rule by excluding from discovery documentation that is created in anticipation of litigation by another party.  Fed. R. Civ. P. 26(b)(3).  However, the rule allows such information to be discovered if the requested material is otherwise discoverable under Rule 26(b)(1) and the party can show "a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  *Id.*  Courts have often concluded that the substantial need prong is met when the mental impressions are at issue in the cause of action and the need for the material is compelling.  *See Allstate Indemnity Company v. Ruiz,* 899 So.2d 1121, 1125 (Fla. 2005) ("In the context of both statutory and common law third-party bad faith actions for failure to settle a claim, discovery of the insurer's underlying claim file type material is permitted over the objections of work product protection.")*; Holmgren v. State Farm Mutual*

*Automobile Insurance Co.,* 976 F. 2d 573, 577 (9th Cir. 1992) (finding "in a bad faith insurance claim settlement case, the strategy, mental impressions and opinion of the insurer's agents concerning the handling of the claim are directly at issue") (internal quotations omitted).

Defendant asserts several pieces of documentation provided on its privilege log should be afforded work product protection. However, the Court finds that while such materials may have been created in anticipation of litigation in the underlying suit brought by the Coopers, they were not created in anticipation of litigation in the instant case. *See Chitty,* 36 F.R.D. at 40-41 (papers prepared in an earlier litigation with the same attorneys representing the insurer and the insured will not be privileged in a later bad faith action by insured against insurer). Furthermore, Plaintiff has a substantial need for the requested materials because the mental impressions of Defendant's agents are directly at issue in this bad faith case. Plaintiff correctly asserts there are no other means to obtain the mental impressions of Defendant's agents that are the basis of Plaintiff's allegations of bad faith and breach of other duties.

The Court finds Plaintiff's need for the disputed information is compelling and the sought discovery is necessary to establish support for Plaintiff's causes of action against Travelers. Defendant suggests the Court should conduct an *in-camera* inspection of the allegedly privileged materials; however, the Court finds an *in-camera* inspection unnecessary because all requested information predates the date of judgment in the underlying case.

Thus, having reviewed and considered the Motion to Compel and the Response, including the case law cited and the parties' argument contained therein, and having

considered additional relevant case law as cited herein, Plaintiff's Motion to Compel (Doc. #12) is **GRANTED to the extent stated below:**

      1.    Defendant shall produce all responsive materials to Requests Nos. 1, 2, 3, and 4 of Plaintiff's First Request for Production that are in Defendant's possession, custody or control not later than December 26, 2012. When original documents are sought, Defendant shall produce the original documents for Plaintiff's review and copying. The responsive documents shall be produced notwithstanding any assertion of attorney-client privilege or the work product doctrine.

      2.    Regarding the disputed documents that fall outside the purview of Requests No. 1, No. 2, No. 3 and No. 4, but have been withheld on the basis of attorney-client privilege or work product doctrine, it is ordered that any document that refers to Plaintiff in the context of the insurance at issue or the underlying state litigation shall be produced to Plaintiff.[11] Otherwise, the Motion to Compel is **DENIED**. Production of these discovery materials shall be made to Plaintiff by December 26, 2012.

      3.    The Court finds the information responsive to Plaintiff's discovery requests in the Motion to Compel will be confidential and/or proprietary in nature, the public disclosure of which might harm either the parties to this suit or third parties. Additionally, the Court believes entry of a protective order would reasonably forestall new disputes over production of this same information. Therefore, in accordance with the discretion provided under Fed. R. Civ. P. 37, the Court will require all information disclosed under this Order

---

[11]This does not include the last three (3) items listed on Defendant's privilege log (personnel files, claims manuals, and training materials) because Plaintiff states that these items are not a subject of the motion. Motion to Compel at 15.

remain confidential between the parties, their attorneys, attorney support staffs, and/or experts. Should any party or non-party determine further disclosure of this information to be necessary for litigation purposes, the party desiring further disclosure shall first seek consent of opposing counsel. In the absence of agreement to further disclosure, an appropriate motion shall be made to the Court. Upon conclusion of this litigation, all information obtained pursuant to this Order shall be either destroyed by counsel or returned to the providing entity within **thirty (30) days** of final judgment.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of December, 2012.

*[Signature: Thomas E. Morris]*

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any